**STATE of Texas, Appellant,**

v.

**Lionel SIMPSON, Appellee.**

No. 373–01.

Court of Criminal Appeals of Texas.

April 24, 2002.

William M. House Jr., Palestine, for Appellant.

Jeffrey L. Van Horn, First Asst. State Atty., Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

The opinion of the Court was delivered PER CURIAM.

Appellee was charged with capital murder. The trial court granted Appellee's pre-trial motion to suppress the written statement he gave to police after his arrest. The trial court held that the statement was illegally obtained because of the failure of law enforcement officers to promptly notify Appellee's parent of his detention in violation of Texas Family Code, § 52.02(b). The State appealed the trial court's order suppressing the statement. Article 44.01(a)(5), V.A.C.C.P. The Court of Appeals upheld the trial court's order suppressing the statement based on a violation of § 52.02(b). *State v. Simpson*, 51 S.W.3d 633 (Tex.App.-Tyler 2000).

The State has filed a petition for discretionary review contending the Court of Appeals erred to conclude that any statement given by the juvenile must be suppressed because of the failure to notify the juvenile's parent, guardian, or custodian that the juvenile had been taken into custody. The State also argues that no causal connection exists between the failure to notify and any statement subsequently made by the juvenile.

Recently, in *Gonzales v. State*, 67 S.W.3d 910 (Tex.Crim.App.2002), we ad-

---

dressed the same issue. We concluded that before a juvenile's written statement can be excluded, there must be a causal connection between the Family Code violation and the making of the statement. *Id.* at 912–13. The Court of Appeals in the instant case did not have the benefit of our opinion in *Gonzales.* Accordingly, we grant grounds one and two of the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of our opinion in *Gonzales.*